```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**THOMAS B. GOBATS,**

                      **Petitioner,**

     v.                           **CASE NO. 05-3383-RDR**

**DUKE TERRELL, et al.,**

                      **Respondents.**

## O R D E R

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2241 by a prisoner in federal custody. Petitioner proceeds pro se in this matter and paid the full district court filing fee.

Petitioner challenges the Bureau of Prisons (BOP) decision to limit petitioner's placement in a community corrections center to ten percent of petitioner's sentence rather than the six month period provided 18 U.S.C. 3624(c). Petitioner acknowledges his failure to exhaust administrative remedies on this claim, but argues the exhaustion requirement should be waived or determined to be futile.

In the Tenth Circuit it is settled law that a petitioner must exhaust available administrative remedies before commencing an action pursuant to 28 U.S.C. 2241. <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir. 1986)(judicial intervention in habeas corpus proceedings is generally deferred until administrative remedies have been exhausted). Respondents have not yet been asked to file a response in this case, thus petitioner's reliance on

waiver of the exhaustion requirement is misplaced. Additionally, although a futility exception to the exhaustion requirement is recognized, Demarest v. Price, 130 F.3d 922, 933-34 (10th Cir. 1997), the exception is quite narrow and is not satisfied in this case. Petitioner has not yet pursued any administrative review of his claim, *compare* Fraley v. United State Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993)(excusing further exhaustion where denial of administrative relief at first level of review was based on published BOP policy), and BOP remains "in a superior position to investigate the facts" underlying a petitioner's claims, Williams v. O'Brien, 792 F.2d at 987.

The court thus finds the petition is subject to being dismissed without prejudice, based on petitioner's failure to exhaust administrative remedies.[1]

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why this matter should not be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies on his claims. The failure to file a timely response may result in the dismissal of this matter without prior notice.

A copy of this order shall be transmitted to petitioner.

**IT IS SO ORDERED.**

---

[1] The court also questions whether petitioner's challenge to the location or conditions of petitioner's pre-release confinement implicates any violation of the Constitution, laws or treaties of the United States for the purpose of stating a cognizable claim for proceeding under 28 U.S.C. 2241. *See e.g.* Richmond v. Scibana, 387 F.3d 602 (7th Cir. 2004)(review of CCC placement must be sought in ordinary civil action rather than through habeas corpus).

DATED:  This 4th day of October 2005, at Topeka, Kansas.


                                    s/ Richard D. Rogers
                                   RICHARD D. ROGERS
                                   United States District Judge